OPINION *Page 2 
{¶ 1} Christopher Glenne Mills appeals a judgment of the Court of Common Pleas, Juvenile Division, which accepted his plea of true to a charge of possession of cocaine, a felony of the fourth degree if committed by an adult. The court found appellant to be delinquent, and committed him into the legal custody of Ohio Department of Youth Services for an indeterminate period of time from six months to age 21, to run consecutive to another case. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT VIOLATED CHRISTOPHER MILLS' RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION SIXTEEN OF THE OHO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352, AND JUVENILE RULES 4 AND 29."
 {¶ 3} At the adjudicatory hearing, appellant appeared with his mother and father, but without legal counsel. The trial court inquired whether he understood the nature of the charge, and advised him of his right to have a lawyer represent him. The court advised him if he could not afford a lawyer one could be appointed at public expense, or he could waive his rights to an attorney. Appellant replied he did not need an attorney. He answered in the affirmative when the court asked him he was giving up his right to an attorney. Appellant stated he was doing so voluntarily.
 {¶ 4} The court then advised appellant he could admit or deny the charge. The court first inquired whether it needed to give a further explanation of the charge, and appellant said no. Appellant stated he was planning on admitting the charge. *Page 3 
 {¶ 5} The court informed appellant if he admitted to the charge, he would be giving up his right to remain silent, and the court would accept the admission as conclusive of his guilt. Appellant indicated he understood this.
 {¶ 6} The court then advised him he was giving up his right to a trial, and his right to require the prosecutor to prove each essential element of the charge beyond a reasonable doubt. Appellant indicated he understood this.
 {¶ 7} The court advised appellant he would be giving up his right to testify as a witness on his own behalf to fight the charge. The court informed him he could not be forced be a witness in his own case, but if he admitted to the charge there would be no trial. The court advised appellant if he had a trial, he could choose to be a witness. Appellant indicated he knew this and understood he was giving up these rights.
 {¶ 8} The court advised appellant he was also giving up his right to cross examine, challenge or ask questions of any witnesses, and appellant replied he understood.
 {¶ 9} The court advised appellant the offense was a felony of the fourth degree if committed by an adult, and reminded appellant he had a suspended commitment in a prior case in which he had received one year to age twenty one, suspended. The court advised him the maximum penalty he could receive on this charge is six months to age twenty one in the custody of the Department of Youth Services, but the court could also activate the other sentence. The court advised appellant this meant it could actually impose an indeterminate sentence of eighteen months to age twenty one, with credit for time served. *Page 4 
 {¶ 1O} The court advised appellant if he admitted to this crime, but did not have the other sentence, DYS would look to a planned release date in six months minus time served. However, because appellant had the earlier sentence, the Department of Youth Services would be looking at a planned release date in about eighteen months, depending on his behavior. The court then inquired if appellant understood his rights and asked if appellant had any questions concerning them. Appellant indicated he understood his rights and had no questions. The court asked for appellant's plea and appellant replied he waived his rights and admitted the charge. The court asked him again if he did so voluntarily, and when appellant replied yes, the court found appellant waived his rights knowingly and voluntarily, and accepted his plea of true.
 {¶ 11} R.C. 2151.352 governs right to counsel in juvenile proceedings and states:
 {¶ 12} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request *Page 5 
pursuant to Chapter 120 of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."
 {¶ 13} Juv.R. 4(A) governs assistance of counsel and states:
 {¶ 14} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."
 {¶ 15} Juv. R. 29 (B) provides in pertinent part:
 {¶ 16} "At the beginning of the hearing, the court shall do all of the following:
 {¶ 17} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 {¶ 18} "(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
 {¶ 19} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
 {¶ 20} In re Gault, (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, served as a turning point in the juvenile justice system. InGault, the United States Supreme Court *Page 6 
granted juveniles facing possible commitment many of the constitutional rights enjoyed by their adult counterparts, including the right to counsel and appointed counsel if indigent. Before permitting a waiver of counsel, the court has a duty to make an inquiry to determine that the relinquishment is of "a fully known right" and is voluntary, knowingly, and intelligently made. Gault at 42. A voluntary, knowing, and intelligent waiver of the right to counsel must affirmatively appear on the record. In re: Kuchta (Mar. 10, 1999), Medina App. No. 2768-M, unreported, at 5, citations deleted.
 {¶ 21} This court recently decided the case of In Re: Corey Spears, aMinor Child, Licking App. No. 2005-CA-93, 2006-Ohio-1920. InSpears, this court found the juvenile's admission to the complaint and waiver of counsel were voluntary, knowing, and intelligent. InSpears, the court informed the juvenile of the complaint and went through each charge individually, explaining the elements and the category of the charges. The trial court advised the juvenile of the consequences of being found delinquent, and his right to appointed attorney. The court advised the juvenile of his right to remain silent and his right to a trial and to present evidence in his own defense. The court explained the juvenile had the right to cross-examine witnesses and the prosecution had the burden to show he had committed the crimes by proof beyond a reasonable doubt. The court inquired whether there had been any promises or threats made to coerce him into pleading to the charges, and explained to him what punishment or conditions might be imposed upon him.
 {¶ 22} In Spears the juvenile's mother was present in the courtroom and concurred in his decision to waive his right to counsel. She and the juvenile were *Page 7 
informed of their right to object to the magistrate's decision, and signed a written waiver of rights form prior to the plea.
 {¶ 23} In the case at bar, the trial court did not explain the elements of the crime, and while it informed appellant it would be a felony of the fourth degree if committed by an adult, did not explain what that meant. The court did not ask appellant if there were any promises or threats made and did not address appellant's parents. The court did not ascertain whether there was a conflict of interest between appellant and his parents.
 {¶ 24} Appellant was sixteen years old at the time, and the record indicates he had participated in the juvenile legal system on at least one prior occasion.
 {¶ 25} Appellant urges the trial court did not make sufficient inquiry to determine whether he fully understood and voluntarily and intelligently relinquished his rights. We agree the court should have explained the elements and seriousness of the charge against him, and should have determined appellant was not being coerced or pressured into waiving his right to counsel. R.C. 2151.352 provides counsel must be appointed if the child appears without his parents, guardian, or custodian, which implies a parent's presence in court is significant in terms of the juvenile's understanding of his rights. The court should have addressed appellant's parents to ensure there was no conflict of interest and the parents also understood the proceedings.
 {¶ 26} Appellant also argues the court's recitation of potential penalties is lengthy and difficult to follow given the prior suspended sentence and the court's intention to impose the earlier sentence and run the sentence in the present case concurrent to it. We agree the court's explanation could have been clearer. *Page 8 
 {¶ 27} We conclude the trial court erred in failing to determine whether appellant knowingly and voluntarily waived his right to an attorney. Accordingly, the assignment of error is sustained.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., Hoffman, J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1